IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUAR STOKES, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-3733 |
| | : | |
| AMAZON, *et al.*, | : | |
|    Defendants. | : | |

## MEMORANDUM

**SURRICK, J.**                                                                                       **AUGUST 15, 2024**

Plaintiff Jacquar Stokes filed this civil action against "Amazon (Jeff Bezos)," Fidelity Investments ("Fidelity"), and Mark White, a supervisor at Fidelity. (Compl. at 2.) Stokes seeks to proceed *in forma pauperis* in this matter. For the following reasons, the Court will grant Stokes leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.     FACTUAL ALLEGATIONS**

Stokes alleges that he was released from prison in New Jersey on June 9, 2018 after serving a fifteen-year sentence. (Compl. at 5.) Apparently around that time, he reconnected with his father, who "promised [Stokes] that he would help [him] get [his] life back on track." (*Id.*) Stokes's father wanted him to become a "jewelry merchant," created an e-mail account for him, and told Stokes that he "had exercised a stock option through Amazon that would be merged and filtered through his life insurance and pension" with the International Longshoremen Association. (*Id.*) Shortly thereafter, Stokes received email confirmation, apparently from Amazon, reflecting that luxury watches were purchased in his name for which delivery was

promised in July and August 2019. (*Id.*) Stokes alleges that Amazon never delivered the watches. (*Id.*)

On November 24, 2021, Stokes learned that his father had passed away. (*Id.*) It appears he was again incarcerated during that time. (*Id.*) His sister informed him that Fidelity required a copy of his birth certificate "because Dad left a will." (*Id.*) Stokes contacted Fidelity about the matter, and Fidelity "responded by calling [him] a third party to [his] father's estate." (*Id.*) Upon his release from incarceration, Stokes visited Fidelity and spoke with two employees, including White, who reviewed Stokes's father's death certificate and "scanned it into the system." (*Id.*) Stokes also sought to review documents related to his father's estate but was not provided with any. (*Id.* at 6.) After calling Fidelity's "corporate headquarters," White allegedly told Stokes "to take Fidelity to Court" and refused to provide Stokes with the documents he sought. (*Id.*) Stokes believes that Fidelity and Amazon and the International Longshoremen Association "owe [him] an explanation regarding [his] father's estate." (*Id.*)

Based on those allegations, Stokes brings due process claims pursuant to 42 U.S.C. § 1983. (*Id.* at 3, 7.) He seeks $1 million and unspecified "real estate." (*Id.* at 7.)

II.     **STANDARD OF REVIEW**

The Court grants Stokes leave to proceed *in forma pauperis* because it appears that he is unable to pre-pay the costs for filing this lawsuit. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations and generalized statements do not suffice to state a claim. *See id.* As Stokes is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

#### A. Section 1983 Claims

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Whether a defendant is acting under color of state law — *i.e.*, whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting

3

party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

The Defendants are private companies and an employee of one of those companies. None of them are state actors subject to liability under § 1983. *See Mosley v. Huggins*, No. 22-5212, 2023 WL 2761291, at *2 (E.D. Pa. Apr. 3, 2023) ("None of the named Defendants are subject to liability under § 1983 because they are not state actors, but rather private individuals employed by Fidelity Investments."); *Liptok v. Amazon*, No. 21-2140, 2021 WL 12143103, at *5 (M.D. Pa. Dec. 23, 2021), *report and recommendation adopted,* No. 21-2140, 2022 WL 21757131 (M.D. Pa. Mar. 22, 2022) ("[I]t is clear that Amazon is a private enterprise and is not cloaked in the mantle of state authority."); *Trammell v. Amazon Corp.*, No. 16-786, 2016 WL 7104833, at *2 (D. Del. Dec. 2, 2016) ("To the extent, Trammel seeks to raise a claim under 42 U.S.C. § 1983 the claim fails because Amazon is not a state actor."); *see also Johnson v. TD Bank Nat'l Ass'n*, No. 22-4108, 2022 WL 17405831, at *4 (E.D. Pa. Dec. 1, 2022), *aff'd*, No. 22-3363, 2023 WL 2203572 (3d Cir. Feb. 24, 2023) ("Courts in the Third Circuit have repeatedly held that constitutional claims brought against banks fail as a matter of law because banks and their employees do not qualify as state actors." (internal quotations omitted)). Stokes's constitutional claims are therefore not plausible and may not proceed.

### B. State Law Claims

To the extent Stokes's Complaint could be liberally construed to raise claims under state law, there is no independent basis for the Court's jurisdiction over any such claims.[1] The only possible basis for jurisdiction is 28 U.S.C. § 1332(a), which grants a district court jurisdiction

---

[1] The Court declines to exercise supplemental jurisdiction having dismissed Stokes's federal claims.

over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c). In contrast, "the citizenship of an LLC [or other unincorporated entity] is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420. Furthermore, diversity jurisdiction is limited by the "probate exception," which deprives federal courts of the ability to "(1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court." *Three Keys Ltd. v. SR Util. Holding Co*, 540 F.3d 220, 227 (3d Cir. 2008).

Stokes's claims against Fidelity and White appear to be based on allegations that Stokes was entitled to inherit money or property that he believes was left to him in his father's will. The probate exception prevents this Court from exercising jurisdiction over these claims. *See Swatt v. Hawbaker*, No. 22-2940, 2024 WL 361314, at *1 (3d Cir. Jan. 31, 2024) ("The District Court correctly applied the probate exception by dismissing each of the three counts to the extent they sought administration of Decedents' estates or the probate of the correct will."). To the extent Stokes asserts claims that do not fall within the probate exception, *i.e.*, his claims against Amazon based on watches that were not delivered to him in 2019, he has not alleged a basis for the Court's jurisdiction over those claims because he does not allege his or the Defendants'

citizenship. However, it would be futile to permit Stokes to amend his complaint to cure this defect because any claims against Amazon based on the alleged failure to deliver watches in 2019 would be untimely. *See* 42 Pa. Cons. Stat. § 5524 (two-year limitation for tort claims); § 5525(a) (four-year limitation on contract claims).

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Stokes leave to proceed *in forma pauperis* and dismiss his Complaint. Since Stokes's allegations do not support any factual basis for a claim under § 1983, his federal claims with be dismissed with prejudice because amendment would be futile. His state law claims, to the extent he raises any, are dismissed without prejudice for lack of jurisdiction. Although Stokes may not reassert his state claims in this Court, because amendment would be futile, the Court's dismissal does not preclude him from refiling his claims in the appropriate state court should he choose to do so.

An appropriate Order follows, which dismisses this case.

BY THE COURT:

s/ *R. Barclay Surrick*

**R. BARCLAY SURRICK, J.**